[Civ. No. 3440.   First Appellate District, Division Two.—April 29, 1920.]

OAKLAND STREET IMPROVEMENT BOND CO. (a Corporation), Petitioner, v. W. M. FITZMAURICE, as City Treasurer, etc., Respondent.

[1] STREET LAW—ISSUANCE OF BONDS—DEFAULT IN PAYMENT—DEMAND FOR SALE OF PROPERTY—LAW GOVERNING.—Where the Improvement Act of 1911, at the time certain street work was performed and bonds were issued, required the treasurer after default and demand to publish a notice of the proposed sale in a newspaper and that a similar notice should be "served upon any such owner, if any, either personally or by depositing the same in the postoffice," etc., the city treasurer is not justified in refusing to proceed with the sale until the bondholder shall have first deposited with him the cost of having a search of the records made for the purpose of ascertaining the names of all lienholders of record, or unless the bondholder shall have had such search made on the ground that prior to default and demand for the sale of the property that act was amended so as to require a similar notice to be mailed to the person to whom the property is assessed and to all record lienholders.

APPLICATION for a Writ of Mandate.   Peremptory writ issued.

The facts are stated in the opinion of the court.

E. S. Page for Petitioner.

H. L. Hagan, City Attorney, and Leon E. Gray, Assistant City Attorney, for Respondent.

BRITTAIN, J.—The respondent demurs generally to the petition on which an alternative writ of mandate was issued. The facts are not subject to controversy.   A single question of law is involved.

[1]   Under the Improvement Act of 1911, [Stats. 1911, p. 730], the assignors of the petitioner under public contract performed certain street work in the city of Oakland.   In due course assessment was made on the property subject thereto, and upon one of the lots the amount of the assessment was secured to be paid by a lien for a statutory bond

issued by the city treasurer on October 29, 1914. After default in payment of certain installments which became due under the bond, demand was made on the respondent by the holder of the bond for the advertisement for sale and the sale of the property subject to the lien. He refused to advertise unless the bondholder should first deposit with him the cost of having a search of the records made for the purpose of ascertaining the names of all lienholders of record, or unless the bondholder should have such a search made, justifying his refusal upon the provisions contained in section 68 of the Improvement Act as that section was amended in 1919, [Stats. 1919, p. 554].

At the time of the issuance of the bond the section in question required the treasurer after default and demand to publish a notice of the proposed sale in a newspaper, and that a similar notice should be "served upon any such owner, if any, either personally or by depositing the same in the postoffice at such city, addressed to such owner at his address, if known, with postage prepaid thereon." By the amendment of 1919 the quoted clause was made to read that a notice similar to that published should "be deposited by the city treasurer in the postoffice at such city, addressed to the person to whom said property is assessed upon the last assessment-roll of such city . . . if known, and to all record lienholders with the postage thereon prepaid. When the addresses of such persons are unknown the notice shall be mailed to them at the city in which said property is located." The act makes no provision for the original cost of ascertaining the names of the lienholders of record, nor from the collection thereof from the proceeds of the sale of the property or as a part of the amount secured by the bond in the event of tender of the amount due prior to the date of sale.

The case is not to be distinguished in principle from the recent decision of the supreme court on rehearing in Bank affirming a decision of department two of the supreme court, which affirmed the judgment of the superior court in Los Angeles County. (*Chapman* v. *Jocelyn,* 182 Cal. 294, [187 Pac. 962].) It was there held that the case must be determined upon the act as it existed when the bond was issued. A street assessment is a contract, and the provisions of the statute in force at the time prescribing the manner

of its enforcement are a part of the contract. In effect, the bond creates a power of sale, whereby its holder may enforce the lien of the assessment against the property described in the bond. The city treasurer is thereby made a special agent of the parties concerned, with authority to execute the power according to its terms, as found in the statute under which the bond was issued. The constitution forbids the passage of a law impairing the obligations of a contract. "Not only is the bond and the statute a contract, but it is a contract forced upon the parties by compulsion of law." (*Chapman* v. *Jocelyn, supra.*)

It was well said upon oral argument that to put upon the bondholder the burden of having expert searchers of records determine the names or record lienholders, when no provision is made for the repayment of the expense of such search, would in many instances deprive such bonds of all value, because the cost would amount to more than the amount secured by the bonds.

Let the peremptory writ issue, directing the respondent to make advertisement in accordance with the provisions of the act as it stood at the date of the issuance of the bond.

Nourse, J., and Langdon, P. J., concurred.